UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOZNIAK,

    Plaintiff,

v.                                                      CASE NO: 8:09-cv-2224-T-23AEP

DOLGENCORP, LLC,

    Defendant.
_____/

**O R D E R**

Asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the defendant Dolgencorp, LLC, ("Dollar General") removes (Doc. 1) this action from the Circuit Court for Hillsborough County, Florida. The complaint (Doc. 2) alleges that Dollar General subjected the plaintiff "to disparate treatment based on [the plaintiff's] age" in violation of the Florida Civil Rights Act of 1992, Section 760.01-.11, Florida Statutes (the "FCRA"). Moving to remand (Doc. 3), the plaintiff argues that the notice of removal fails to prove the required amount in controversy. The defendant responds (Doc. 7) in opposition.

Pursuant to 28 U.S.C. § 1441, the defendant may remove an action over which a federal district court has original jurisdiction. The defendant must remove the action within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b). The removing defendant bears the burden of establishing facts supporting federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005). If the complaint seeks an indeterminate amount of damages, "the defendant seeking removal

based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). Finally, the defendant must establish that diversity jurisdiction exists on the date of removal. Leonard, 279 F.3d at 972. The removal statute is construed narrowly with any doubt resolved against removal. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

The complaint seeks damages in excess of $15,000. (Doc. 2, ¶ 1) Dollar General argues that the amount in controversy exceeds $75,000 because (1) the plaintiff "was employed by [Dollar General] as a Real Estate Representative and received an annualized salary of $68,614.00" (Doc. 1 at 2); (2) the plaintiff, if he remained employed at Dollar General, "would have been eligible for a bonus that could have amounted to 15 percent, 30 percent, or 60 percent of his base salary depending on the company's financial performance" (Doc. 1 at 2); and (3) the plaintiff's "alleged damages for lost wages combined with the requested relief for lost benefits, compensatory damages, punitive damages, as well as attorneys' fees and costs, clearly demonstrates that the amount in controversy" exceeds $75,000.00.

Dollar General's speculation that the plaintiff could recover as much as $100,000.00 in punitive damages and "would have been eligible for a bonus" contributes nothing to the analysis of the amount in controversy. Dollar General offers no evidence that the plaintiff—although eligible—was likely to receive a bonus. Furthermore, if the prayer for punitive damages satisfies the amount in controversy requirement, nearly every FCRA case is immediately removable. See Bradley v. Kelly Servs., Inc., 224 F.

based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy" exceeds $75,000. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). Finally, the defendant must establish that diversity jurisdiction exists on the date of removal. Leonard, 279 F.3d at 972. The removal statute is construed narrowly with any doubt resolved against removal. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

The complaint seeks damages in excess of $15,000. (Doc. 2, ¶ 1) Dollar General argues that the amount in controversy exceeds $75,000 because (1) the plaintiff "was employed by [Dollar General] as a Real Estate Representative and received an annualized salary of $68,614.00" (Doc. 1 at 2); (2) the plaintiff, if he remained employed at Dollar General, "would have been eligible for a bonus that could have amounted to 15 percent, 30 percent, or 60 percent of his base salary depending on the company's financial performance" (Doc. 1 at 2); and (3) the plaintiff's "alleged damages for lost wages combined with the requested relief for lost benefits, compensatory damages, punitive damages, as well as attorneys' fees and costs, clearly demonstrates that the amount in controversy" exceeds $75,000.00.

Dollar General's speculation that the plaintiff could recover as much as $100,000.00 in punitive damages and "would have been eligible for a bonus" contributes nothing to the analysis of the amount in controversy. Dollar General offers no evidence that the plaintiff—although eligible—was likely to receive a bonus. Furthermore, if the prayer for punitive damages satisfies the amount in controversy requirement, nearly every FCRA case is immediately removable. See Bradley v. Kelly Servs., Inc., 224 F.

App'x 893, 895 (11th Cir. 2007) ("[A] party's mere speculation that the amount in controversy met the jurisdictional threshold did not satisfy its burden of proving beyond a preponderance of the evidence the claim at issue exceeded $75,000." (citing Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003)).[1]

Dollar General argues that the plaintiff's claim for backpay "would be calculated from the date of Plaintiff's termination, January 29, 2009, to trial." (Doc. 7, ¶ 5) Dollar General submits an affidavit (Doc. 1-4) stating that, "at the time of his termination, [the plaintiff's] annualized salary was $68,614.00." Dollar General estimates that a judgment for the plaintiff would include more than $75,000.00 in backpay because this case is unlikely to proceed to trial within the next year. (Doc. 7 at 3) However, the amount in controversy is determined at the time of removal not at some speculative time of judgment. See Anderson v. St. Paul Mercury Indem. Co., 119 F. Supp. 222, 223 (W.D. La. 1954) ("This argument has the effect of saying that jurisdiction can be acquired in these cases by a lapse of time before a decision on the merits."); see also Strickland Transp. Co. v. Navajo Freight Lines, Inc., 199 F. Supp. 108, 111 (N.D. Tex. 1961). As of the date of removal, the amount of the plaintiff's alleged backpay is approximately

---

[1] Punitive damages may contribute to the amount in controversy in a proper case. See Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (holding that a class claim for punitive damages is allocated pro rata to each class member for determination of the amount in controversy). However, in this case the plaintiff seeks an undetermined amount of punitive damages. Despite the claim for punitive damages, Dollar General remains responsible for proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Moore v. CNA Found., 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007) ("[The defendant] argues that the jurisdictional requirement is met because [the plaintiff] has requested punitive damages. But this argument begs the question of what those punitive damages are likely to be—a question that [the defendant] bears the burden of answering."). Dollar General's conclusory allegation fails to meet this burden.

$51,507.50.² Accordingly, the defendant's allegations regarding backpay add only $51,507.50 to the amount in controversy.

Because the FCRA authorizes the plaintiff to recover attorneys' fees, "a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). However, Dollar General offers no evidence of the amount of fees incurred by the plaintiff. Dollar General's mere speculation that the plaintiff may recover a fee fails to support the exercise of jurisdiction in this case.

Dollar General apparently argues for an inference that the amount in controversy exceeds $75,000 because the plaintiff "fails to provide evidence that he is not seeking damages in an amount less than $75,000.00, nor does he provide any controverting evidence to that submitted by" Dollar General. (Doc. 7, ¶ 4) (emphasis in original). Dollar General fails in this transparent attempt to shift to the plaintiff the burden of establishing jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir. 2007), cert. denied, 128 S. Ct. 2877 (2008) ("Though the defendant in a diversity case . . . may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists."). Dollar General may not establish federal jurisdiction through negative inferences and conclusory allegations. See Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) ("[A] refusal to stipulate [that damages exceed

---

² Dollar General terminated the plaintiff on January 29, 2009, and removed this action on October 30, 2009. The passage of 274 days results in Dollar General's potentially owing backpay of approximately $35,378.41 ($68,614.00/year x (274 days / 365 days) = $51,507.50).

- 4 -

$75,000] standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue."). The removal statute contemplates a stronger basis for jurisdiction than mere speculation.

Finally, Dollar General requests (Doc. 7 at 3) leave to conduct "limited jurisdictional discovery." The removal statute allows a defendant to remove within thirty days of discovering the removability of an action. A defendant without any factual support for federal jurisdiction may not blindly remove an action and thereafter seek post-removal discovery to establish federal jurisdiction (although a bona fide fact dispute may justify some discovery and an evidentiary hearing in a proper case). See Lowery, 483 F.3d at 1213 n.63 ("We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to basis its notice—without seriously testing the limits of compliance with Rule 11."). Accordingly, Dollar General's request for post-removal discovery is **DENIED**.

Because Dollar General fails to establish subject matter jurisdiction, this action is **REMANDED** to the Circuit Court for Hillsborough County, Florida. Because Dollar General asserts a colorable right to removal, the plaintiff's request (Doc. 3 at 4) for an attorney's fee is **DENIED**. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The Clerk is directed to (1) mail a certified copy of this order,

pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on November 19, 2009.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Courtroom Deputy